PROBATE COURT OF THE CITY OF PROVIDENCE *vs.* NEW YORK CASUALTY CO.

OCTOBER 23, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of debt on bond. In the superior court, after a judgment had been entered against the defendant for the penal sum of the bond sued on, a hearing

was had before a justice of that court on the chancerization of the bond. He entered a decision chancerizing said bond in the sum of $500. To this decision the defendant, which had executed such bond as a surety, duly excepted and then prosecuted its bill of exceptions to this court. The case is now before us on that exception.

The evidence introduced shows the following material facts. At the time one Maria Gaglione died she and her husband Andrea Gaglione, residents of Providence, held title as tenants in common to a certain parcel of land in the city of Warwick in this state. Maria Gaglione was survived by her husband, who was appointed administrator of her estate, and also by four children, whose father was the said Andrea Gaglione. Thereafter, on December 7, 1937, following the filing in the probate court of the city of Providence of a petition by the said Andrea Gaglione as administrator of his wife's estate, that court entered a decree apparently authorizing him as such administrator to sell by private contract her interest in the parcel of land in Warwick for not less than $500. A bond in the sum of $1000, bearing date of December 7, 1937, and running to said probate court, was duly executed by Andrea Gaglione as principal and the defendant as surety. The condition of this bond was that the said Andrea Gaglione should well and truly apply the proceeds of the above-mentioned sale to the purposes for which the same was made. This is the bond the chancerization of which is involved in the instant case.

Thereafter, on December 10, 1937, Andrea Gaglione executed two deeds, each conveying interests in the Warwick land, to one Francis V. Belec. One deed was signed by Andrea Gaglione as administrator of his wife's estate and also by him individually. It recited a consideration of $500, set out that it was being executed in exercise of the power vested in the grantor by decree of the probate court of the city of Providence entered December 7, 1937, and conveyed

to the grantee all the right, title and interest which the said Maria Gaglione had at the time of her death in and to the said parcel of land in Warwick. This deed also contained the following clause: "And for the consideration aforesaid, I Andrea Gaglione, do hereby release all my right of curtesy, and all other rights, statutory or otherwise, in and to the aforegranted premises unto the said Francis V. Belec and his heirs and assigns, forever." The other deed was signed by Andrea Gaglione individually, recited a consideration of $10 and conveyed to the grantee an undivided half interest in the parcel of land in question.

The evidence further discloses that the said land was sold by Andrea Gaglione for $1000. Of this sum $500 was paid by a check of Henry J. Belec made out to Andrea Gaglione, administrator of estate of Maria Gaglione. This check was cashed by said administrator. The remaining $500 was computed by the discharge by Henry J. Belec of a certain personal property mortgage upon which was then due the sum of $400, said mortgage not being otherwise involved in these proceedings, and by an allowance to said Henry J. Belec, a real estate agent, of a commission of $100 for negotiating the sale in question. The $500 paid Andrea Gaglione as administrator was never accounted for by him, nor was any part of such sum paid to the heirs at law of Maria Gaglione, although, following a petition filed in the probate court of the city of Providence, a decree was entered by that court on July 27, 1938 adjudging Andrea Gaglione guilty of unfaithful administration. The instant case was thereafter brought in the name of the plaintiff for the benefit of said heirs at law.

The defendant contends that the bond involved herein has been chancerized by the trial justice for too large a sum. The defendant maintains that it should be credited in such chancerization with the value of Andrea Gaglione's estate as tenant by the curtesy in the undivided one-half interest

which his wife Maria Gaglione had in the Warwick land at the time of her death; that the consideration of $500 recited in one of the deeds hereinbefore referred to included the value of said estate by the curtesy and that such estate was conveyed to the grantee in and by that deed. The defendant also urges that it should be credited in the chancerization proceeding with one-half of the real estate commission of $100 allowed Henry J. Belec by reason of the sale of the land in question.

In the instant case, in our opinion, we are not called upon to determine whether or not Andrea Gaglione conveyed to Francis V. Belec the former's estate as tenant by the curtesy in his wife's interest in the Warwick land. Upon the death of Maria Gaglione, her husband became vested with a legal life estate as tenant by the curtesy consummate in his wife's real property. This estate of Andrea Gaglione was not in the nature of a mere claim or encumbrance on his wife's realty, but was a separate legal life estate therein held by him. See *Osborn* v. *Worcester County Trust Co.*, 63 R. I. 164, 7 A. 2d. 678.

In administering upon the estate of Maria Gaglione the probate court of the city of Providence could not provide for the conveyance or other disposition of the legal life estate as tenant by the curtesy which Andrea Gaglione had in his wife's interest in the Warwick land, because such estate as tenant by the curtesy was not before that court. Therefore, when, by the order and decree of December 7, 1937, said probate court authorized Andrea Gaglione as administrator to sell his wife's interest in the Warwick land by private contract for not less than $500, such order and decree must of necessity have referred solely to his wife's interest in said land, entirely apart from any estate as tenant by the curtesy which he himself may have had therein.

By the above order and decree Andrea Gaglione was required to obtain at least $500 for the interest of his wife

in said land. The deed reciting a consideration of $500, and also referring to the above-mentioned order and decree, was executed by him as administrator, and in that capacity he was paid that sum. For this amount he has never accounted, as he was called upon to do. The defendant, as surety on the bond which he gave for the faithful performance of his duties in connection with this sale, in our opinion, cannot now set up by way of defense in the chancerization of such bond that an allowance should be made for the value of Andrea Gaglione's estate as tenant by the curtesy. That life estate, which was his alone and which was not any part of his wife's estate, was not involved in the administration proceedings in the probate court of the city of Providence, nor is it involved in the present case. We find, therefore, that the trial justice did not err when he refused, in the chancerization proceedings, to credit the defendant with the value of Andrea Gaglione's estate as tenant by the curtesy consummate in his wife's interest in the land in question.

In regard to the matter of the commission of $100 allowed Henry J. Belec, it clearly appears from the evidence that he was the real purchaser of the Warwick land. As consideration for such purchase he signed the $500 check payable to Andrea Gaglione as administrator and discharged the personal property mortgage hereinbefore mentioned. However, being a real estate agent and desiring a commission from the transaction, Henry J. Belec had his nephew Francis V. Belec named as grantee in the deeds conveying said Warwick property. While Andrea Gaglione, as far as his own interest in said property was concerned, could consent to the allowance of a commission to Henry J. Belec, we are of the opinion that, under the above facts and circumstances, without the approval of the probate court he could not, as administrator of his wife's estate, by any such arrangement or understanding with said Henry J. Belec, bind or prejudice the interests of her heirs at law in regard to the allowance of such commission.

We find, therefore, that the trial justice ruled properly when, in this case, he refused to credit the defendant with any part of said commission. In our judgment, on the record before us, the bond now under consideration, upon which the defendant was surety, was correctly chancerized in the sum of $500.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*George Ajootian, Henry R. DiMascolo,* for plaintiff.

*Paul H. Hodge,* for defendant.